# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201600071**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## LUCAS R. EASTMAN
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel C.M. Greer, USMC.
For Appellant: Major Emmett S. Collazo, USMCR.
For Appellee: Lieutenant Commander, Justin C. Henderson, JAGC;
USN; Captain Dale O. Harris, JAGC, USN.

———————————

Decided 18 August 2016

———————————

Before FISCHER, RUGH, and CAMPBELL, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order, one specification of willful dereliction of duty, and two specifications of making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 907. The military judge sentenced the appellant to 30 days' confinement, reduction to pay grade E-3, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority disapproved all confinement and approved the remainder of the sentence.

The appellant now asserts as error that his sentence to a bad-conduct discharge was inappropriately severe.[1] We disagree.

## I. BACKGROUND

The appellant was an instructor in the Marine Air-Ground Task Force, Intelligence Specialist Entry Course, assigned to the Marine Corps Detachment, Dam Neck, Virginia. In that role, he was required to sign the "Staff Code of Conduct and Ethics Acknowledgement,"[2] which notified him of the general order prohibiting staff and students from engaging in unprofessional relationships, including "associat[ing] with each other in an informal, personal or intimate manner which reflects a familiarity that is inappropriate for the workplace."[3]

On 21 December 2014, the appellant, then a staff sergeant-select (to pay grade E-6), was assigned as the officer of the day (OOD). His OOD duties included roving the barracks, maintaining an accurate logbook, and supervising restricted Marines. Private First Class (PFC) C was a student serving restriction and awaiting separation for prior misconduct.[4] Because she was on restriction, her barracks room was next to the OOD sleeping room.

Despite her student status—and in contravention of the conditions of PFC C's restriction—the appellant and PFC C spent several hours together in the duty hut and nearby smoking area discussing "personal matters."[5] Later that night, while still serving as OOD, the appellant surreptitiously went to PFC C's room for over an hour and engaged in sexual intercourse with her. He then returned alone to the OOD sleeping room and did not emerge again until 0615. He then recorded two entries in the OOD logbook falsely indicating that he had relieved the "A Duty" and completed a roving tour of the area in the early morning hours. During a subsequent investigation, the appellant denied entering PFC C's room or engaging in sexual intercourse with her, statements he knew to be false.

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Prosecution Exhibit 5 at 2-4.

[3] PE 3 at 2.

[4] Previously, PFC C was a student platoon member in training and the appellant was her platoon sergeant. *See* Record at 27.

[5] *Id.* at 29-30; PE 2 at 2.

## II. DISCUSSION

### A. Sentence appropriateness

We review the record for sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). "This requires individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. McDonald*, No. 201400357, 2016 CCA LEXIS 310, at *4 (N-M. Ct. Crim. App. 2016) (citation and internal quotations omitted). "While [a Court of Criminal Appeals] clearly has the authority to disapprove part or all of the sentence and findings," we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010).

While acknowledging the appellant's commendable six-year record of service prior to committing the offenses to which he pleaded guilty, it is also relevant that at the time of his crimes the appellant occupied several positions—as a noncommissioned officer, significantly senior to PFC C; as an instructor; and as the OOD responsible for the well-being of restricted personnel under his watch—which carried with them heightened expectations. The appellant's abuse of this authority had a deleterious effect on his command and was unworthy of his reputation as "an inspiration to both staff and students."[6] Although he faced a possible maximum punishment at special court-martial that included 12 months' confinement, reduction to pay grade E-1, forfeiture of two-thirds pay per month for 12 months, and a bad-conduct discharge, the appellant received an approved sentence of only reduction to pay grade E-3 and a bad-conduct discharge.

Under the circumstances, we are convinced that justice was done, and that the appellant received the punishment he deserved. *Healy*, 26 M.J. at 395. Granting relief at this point would be to engage in clemency, a prerogative reserved for the convening authority, and we decline to do so. *See id.* at 395-96.

---

[6] Defense Exhibit D at 10.

## III. CONCLUSION

The findings and the sentence as approved by the convening authority are affirmed.

For the Court



R.H. TROIDL
Clerk of Court